I. SCOTT BOGATZ, ESQ.
Nevada Bar No. 3367
CHARLES M. VLASIC, ESQ.
Nevada Bar No. 11308
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169
Telephone: (702) 776-7000
Facsimile: (702) 776-7900
sbogatz@isbnv.com
cvlasic@isbnv.com
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD KARAYAN, TRUSTEE OF THE KARAYAN FAMILY TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN A. RITTER, and Does 1 through 25, Inclusive,<br><br>Defendants. | Case No. 2:13-cv-00493-JAD-NJK<br><br>AS AMENDED,<br>PAGE 4 |

## STIPULATED PROTECTIVE ORDER

During the course of this litigation, Defendant, JOHN A. RITTER and various entities related to Mr. Ritter (collectively "Defendants"), have been asked to provide personal, financial, confidential, trade secrets, proprietary and other confidential commercial information to Plaintiff, EDWARD KARAYAN, TRUSTEE OF THE KARAYAN FAMILY TRUST ("Karayan"), in the above-referenced matter. The parties have agreed that this information and documentation would be produced to Plaintiff, but that it would be subject to the terms of this stipulated protective order ("Protective Order").

The parties recognize and agree that it may be necessary for Defendants, various of their affiliated entities, or third parties, to disclose further personal, financial, confidential, trade secrets, proprietary or other confidential commercial information. The parties do not wish

unreasonably to impede or burden the process, but also wish to assure the reasonable protection of such personal, financial, confidential, trade secrets, proprietary or other confidential commercial information.

Accordingly, the parties therefore stipulate that:

1. This Protective Order shall govern the production and disclosure of "Protective Materials," by or on behalf of any party or nonparty. The parties will cooperate in establishing procedures acceptable to the Court with respect to the protection of documentation and/or information pursuant to this Protective Order.

2. For purposes of this Protective Order, "Protected Materials" shall include all documents and/or information produced by either party designated with the words "CONFIDENTIAL – PROTECTED MATERIAL" or similar, written or typed on the bottom of the page, and includes compilations or excerpts of such materials. The protections conferred by this Protective Order cover not only Protected Materials (as defined above), but also: (1) any information copied or extracted from Protected Materials; and (2) all copies, excerpts, summaries, or compilations of Protected Materials. Protected Materials shall be used for the prosecution and defense of this action only unless an exception is explicitly provided herein, and for no other purposes.

3. This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Protected Materials.

4. All Protected Materials will automatically be deemed confidential for purposes of this Protective Order unless and until any materials become non-confidential pursuant to the mechanisms provided in paragraph 6 this Protective Order.

5. Unless and until any materials become non-confidential pursuant to the

mechanisms provided in this Protective Order, access to Protected Materials shall be restricted in accordance with the following provisions:

    (a) Protected Materials and all information extracted from them shall be used solely for the purposes of prosecuting or defending this action, and for no other purposes.

    (b) Counsel for each party shall restrict access to the Protected Materials produced by any other party or nonparty by limiting the dissemination of such material to attorneys representing the parties in this lawsuit, including in-house counsel for a party ("Counsel of Record"). Any and all further disclosure of Protected Materials shall be governed by the provisions of this Protective Order.

    (c) No copies, extracts or summaries of any Protected Materials shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as confidential. The Protected Materials shall not be delivered or exhibited to any persons except as provided by this Protective Order.

    (d) Counsel of Record may allow access to the Protected Materials produced by another party to consultants, including consultants designated to testify as expert witnesses, provided: (1) that any such expert or consultant shall first be provided with a copy of this Protective Order. Consultants and experts are hereby specifically advised that their written work product which contains or discloses the substance of the Protected Materials is subject to all the provisions of this Protective Order. Counsel of Record disclosing the Protected Materials to consultants shall be responsible for obtaining the executed undertaking in advance of such disclosure and also shall retain the original executed copy of said undertaking; (2) that before receiving or having access to Protected Materials, such experts and consultants shall execute a Declaration in the form attached as Exhibit A. Counsel of Record disclosing Protected Materials to consultants shall be responsible for obtaining the executed undertaking in advance of such

disclosure and also shall retain the original executed copy of said undertaking; (e) during depositions, Counsel of Record may question any witness about Protected Materials. Any document so referred to may be marked as an exhibit but no such document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the other party. Portions of deposition transcripts may be designated as "Confidential" by either of the parties during depositions and/or within ten judicial days of receipt of the deposition transcript, including exhibits consisting of Protected Materials, and materials so designated shall be bound under seal separately from the non-confidential portions of the transcript.

(f) In the event that any Protected Materials are attached to, or quoted or summarized in any pleadings, motion papers or other papers filed with this Court or any other court and said Protected Materials would be disclosed in any way therein, such Protected Materials, pleadings or papers shall be submitted to the Court with a request to file under seal in accordance with the Nevada Rules Governing Sealing and Redacting Court Records. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as confidential as described herein.

*See order issued concurrently herewith*

(g) Any pleadings, motion papers or other papers not filed under seal shall have deleted therefrom all Protected Materials and all portions of such pleadings or papers that would disclose the substance of Protected Materials, provided, however, that any Protected Materials served upon Counsel of Record need not have said materials deleted therefrom.

(h) Defendants reserve the right to also specifically designate material as not only confidential Protected Material, but also to designate specific material as "Attorneys' Eyes Only". Without prior written consent of the Defendants, materials that are also designated as Attorneys'

Eyes Only may only be reviewed by counsel of record for the Plaintiff and those attorneys' staff to whom disclosure is reasonably necessary for this litigation.

6. If any party seeks to use or disclose any specific items in the Protected Materials which the party contends are not confidential, or if any dispute arises as to whether any specific items in the Protected Materials are confidential, then the parties shall try first to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, a party may contest the automatic designation of such specific items as confidential. The party contesting the automatic designation must advise the other party of the specific items that they are contesting and the use that the party seeks to make of the contested materials.

In no event will either party contest the automatic designation of all or most of the Protected Materials in a manner that violates the spirit of this Protective Order. In response, the non-contesting party may consent to the de-designation of the materials for the specific use described by the contesting party. Alternatively, if the non-contesting party chooses, they may, within 10 business days from receiving notice that the materials' confidential nature is being contested, file a motion with the Court seeking the Court's ruling as to the confidential nature of the specific materials and whether the materials may be used in the manner described by the contesting parties. The non-contesting party may only file such a motion if the party believes in good faith that the contested materials contain sensitive, confidential information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. The contesting party may choose to oppose the non-contesting party's motion with the Court, and then the non-contesting party may file a reply brief in support of their motion.

On such motion practice, the party asserting confidentiality shall have the burden of proving that the material whose confidential nature is being contested: (a) constitutes a trade

secret or other confidential research, development, or commercial information; or (b) is otherwise entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.  Prior to the ruling by the Court on such motion, the disputed information shall be treated by the parties as confidential.  No such Court filings shall attach the contested materials, and those materials may only be provided to the Court either during a hearing on the non-contesting party's motion or if either party files a motion to seal the record.  All materials being contested as non-confidential will remain confidential and subject to the provisions of this Protective Order unless and until the Court orders that those materials be de-designated.  If the Court permits the de-designation of any material and five days have passed after entry of an order granting the motion, then the party may proceed with the proposed use or disclosure.

7. Upon final resolution of this litigation, including any appellate proceedings or expiration of the time allowed therefore: (a) Unless otherwise agreed, counsel for each party shall return all Protected Materials received hereunder, including all copies thereof, to counsel for the party or nonparty that produced said materials.  Counsel for each party shall also destroy all extracts or summaries of Protected Materials or documents containing such material.  Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party who produced such Protected Materials.

8. Nothing contained in this Protective Order shall preclude any party or nonparty from seeking or obtaining, upon an appropriate showing, additional protection with respect to any documents, information, or other Protected Materials or trade secrets.

9. The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the parties.

10. This Protective Order shall remain in effect unless terminated by stipulation of the parties or pursuant to Court order.  Insofar as they restrict the disclosure, treatment, or use of

information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise. Any violation of this Protective Order, whether during or after the litigation and any appeals thereof, may be subject the violating party, attorney, expert, or other person who has secured access to any of the Protected Materials to an order of contempt, temporary, preliminary and permanent injunctive relief, and/or sanctions.

11. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection or any other applicable privilege shall not constitute a waiver of either any available privilege or protection by the disclosing party. In the event that the receiving party discovers that it has received either attorney-client privilege or work-product-protected documents, it shall bring that fact to the attention of the producing party immediately upon that discovery. Upon the request of the producing party, the receiving party shall promptly return any attorney-client privilege or work-product-protected document and any copies which the receiving party may have made thereof to the producing party. In the event that the Court finds, at the request of the producing party, that a document inadvertently produced is protected by the attorney client privilege or work product protection, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. Upon such a Court finding, no such inadvertently produced

. . .

. . .

. . .

. . .

. . .

. . .

attorney-client privilege or work-product-protected document may be used in evidence against the producing party.

Dated this ___ day of February, 2015.

BOGATZ LAW GROUP

By: _____
I. Scott Bogatz, Esq.
Nevada Bar No. 3367
Charles M. Vlasic III, Esq.
Nevada Bar No. 11308
3883 Howard Hughes Parkway, Suite 790
Las Vegas, Nevada 89169

*Attorneys for Defendant*

Dated this ___ day of February, 2015.

By: _____
BURTON C. JACOBSON
ATTORNEY AT LAW
424 South Beverly Drive
Beverly Hills, CA 90212

RICHARD L. TOBLER
RICHARD L. TOBLER, LTD.
3654 North Rancho Drive, Suite 102
Las Vegas, NV 89130

*Attorneys for Plaintiff*

## ORDER

IT IS SO ORDERED.

DATED this 25th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in Case No. 2:13-cv-00493-JAD-NJK.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____